# United States Court of Appeals
# for the Fifth Circuit

No. 21-60926
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2022

Lyle W. Cayce
Clerk

Angel Gabriel Reyes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A087 895 515

Before Higginbotham, Graves, and Ho, *Circuit Judges*.
Per Curiam:*

Angel Gabriel Reyes, a native and citizen of Honduras, petitions us for review of a decision of the Board of Immigration Appeals upholding the Immigration Judge's denial of his withholding of removal claims.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60926

On petition for review of a Board decision, this court reviews factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard applies to review of decisions denying withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This standard requires that the Board's conclusion be based on the evidence presented and that its decision be substantially reasonable. *Id.* Under this standard, reversal is improper unless the evidence compels a contrary conclusion. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). When the Board adopts the Immigration Judge's decision without assigning reasons, as it did here, this court reviews the Immigration Judge's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

We are not compelled to find that Reyes should have been found credible. The Immigration Judge's finding that the initial application contained essentially a different claim than the supplemental application is supported by the record. *See Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017). The credibility finding is dispositive of the claim so analysis of the findings on corroborative evidence is unnecessary. *INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976).

DENIED.